UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES F. RILEY,

                              Plaintiff,

        v.                                          7:05-cv-0668

A.W. CHESTERON COMPANY, et al.,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

        Plaintiff James F. Riley commenced the instant action seeking to recover for

personal injuries allegedly cause by exposure to toxic chemicals.  Presently before the Court

are Defendants' motions for summary judgment pursuant to Fed. R. Civ. P. 56 seeking

dismissal of the Complaint in its entirety on the ground that Plaintiff's claims are barred by

the applicable statute of limitations.  Plaintiff cross-moves to voluntarily dismiss the action

without prejudice.

## I.      FACTS

        Plaintiff was employed as a mechanic operator, line mechanic, and millwright by

Crown Zellerback (a/k/a Forst James n/k/a Georgia Pacific) from approximately 1966 through

1998.  Compl. at ¶ 67.  In March 2002, Plaintiff began to feel ill.  At that time, he had a cold

and was "tired all the time."  Riley Dep. at 209.  On April 10, 2002, Plaintiff presented at

Claxton-Hepburn Hospital.  Id.  Plaintiff thought he was having a heart attack.  Id.  On April

11, 2002, Plaintiff was given a blood transfusion.  Id. at ¶¶ 298-99.  On April 12, 2002,

Plaintiff's doctors recommended that he be transferred to a hospital in Syracuse. Id. His physicians suspected that he was suffering from leukemia. Id. Plaintiff's physicians explained to him that the physicians in Syracuse "would know more about that, that they were more qualified or equipped with treating that type of cancer." Id; Pl.'s Stmnt. of Mat. Facts at ¶ 9 ("Plaintiff was . . . aware that some form of cancer or leukemia was a mere possibility and that he needed to be transferred to Upstate Hospital in Syracuse because the Syracuse hospital was better equipped to treat such a cancer."). Plaintiff's physicians advised him to take an ambulance to Syracuse. Riley Dep. at 297. The physicians were afraid that Plaintiff could die. Id. Believing that he could die during the transfer, Plaintiff elected not to go by ambulance, but to travel with his wife so he could spend time with her. Def.'s Stmnt. of Mat Facts at ¶ 13. On April 12, 2002, Plaintiff signed an Emergency Authorization for Transfer form. The form indicated that the reason for the transfer was "anemia, thrombocytopenia, peripheral blasts and evaluation and management of possible acute leukemia." Plaintiff was diagnosed with Acute Myeloid Leukemia on or about April 12, 2002. Compl. at ¶ 68.

Plaintiff commenced the instant action by filing a summons and complaint with the County Clerk of Jefferson County, New York on April 13, 2005. Presently before the Court are Defendants' motions for summary judgment seeking dismissal of the Complaint in its entirety on the ground that the action is time-barred, and Plaintiff's cross-motion to voluntarily dismiss the action.

## II.      DISCUSSION

### a.      Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(a)(2)

The Court will first address whether Plaintiff should be permitted to voluntarily dismiss this action pursuant to Fed. R. Civ. P. 41(a)(2).  A voluntary dismissal without prejudice under Rule 41(a)(2) will be allowed "if the defendant will not be prejudiced thereby." D'Alto v. Dahon California, Inc., 100 F.3d 281, 283 (2d Cir. 1996) (quoting Wakefield v. Northern Telecom Inc., 769 F.2d 109, 114 (2d Cir.1985)).  The mere prospect of a second litigation does not constitute the requisite prejudice.  D'Alto, 100 F.3d at 283.  As the Second Circuit has explained:

> Voluntary dismissal without prejudice is . . . not a matter of right.  Factors relevant to the consideration of a motion to dismiss without prejudice include the plaintiff's diligence in bringing the motion; any "undue vexatiousness" on plaintiff's part; the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; the duplicative expense of relitigation; and the adequacy of plaintiff's explanation for the need to dismiss.

Zagano v. Fordham Univ., 900 F.2d 12, 14 (2d Cir. 1990).  The Court will consider each of these factors.

### 1.      Diligence in Bringing the Motion

The basis of Plaintiff's motion for dismissal is that "there are other proper venues in which Plaintiff can file his claims with longer statutes of limitations and more predictable accrual and discovery rules."  Pl. Mem. of Law at 8.  Plaintiff knew, or reasonably should have known, of any possible statute of limitations problems since the commencement of litigation.  Plaintiff similarly knew, or reasonably should have known, the applicable New York accrual and discovery rules at the time he commenced this litigation back in April 2005. Thus, the case has now been pending for just over one year.  The parties have already

undertaken some discovery, including the exchange of written discovery, document production, speaking with potential expert witnesses, and taking some depositions.  In addition, the defendants have already briefed and filed a motion for summary judgment. Plaintiff made no effort to voluntarily discontinue this action until faced with the summary judgment motions by Defendants.  It, thus, does not appear that Plaintiff acted with diligence in bringing this motion.  The Court finds that this factor weighs against permitting a voluntary dismissal.

## 2.    Undue Vexatiousness

The Court is unable to discern any vexatiousness on Plaintiff's part.  Rather, it appears that the basis of Plaintiff's motion is simply to avoid a dismissal based on the statute of limitations.  Thus, this factor weighs in favor of permitting a voluntary dismissal.

## 3.    The Extent To Which The Suit Has Progressed

Although discovery does not close until February 2007 and this case is set to be trial ready in August 2007, it cannot be said that this case is in its infancy.  As discussed, this case is well into the discovery process.  The parties have exchanged written discovery demands, discovery responses and produced documents.  The parties also have conducted several days of depositions.  Expert disclosures are due at the end of May 2006 and Defendant has been consulting with potential expert witnesses.  The deadline for the completion of mediation also is the end of May 2006.  Of course, Defendants have already filed a motion for summary judgment.  The Court finds that, in this case, the extent to which this suit has progressed weighs against voluntary dismissal.

**4.      The Duplicative Expense Of Relitigation**

The Court finds that this factor, too, weighs against granting a voluntary motion to dismiss.  As discussed above, this case has progressed well into the discovery process. Although Plaintiff agrees to "stipulate that the discovery, including the Plaintiff's deposition, [that has] . . . transpired in this case will be valid for use in any subsequently filed action," Pl.'s Mem. of Law at 8, that does not negate all the potential duplicative expenses.  Plaintiff has not identified in what venue he would re-file the case and has articulated no basis for filing in another state.  The Court, therefore, cannot determine whether, and to what extent, discovery in this case may be used in some other case.  Further, many of the defendants have obtained local counsel in this District.  If Plaintiff re-files in another District, defendants likely would be forced to hire new local counsel.  Defendants also have had to pay the expense of filing the pending motion for summary judgment.  If Plaintiff re-files in another District, Defendants may want to file another motion for summary judgment on the basis of the statute or limitations or other grounds, thereby duplicating efforts in this District. Moreover, a cursory review of this case suggests that its sole connection is to the State of New York.  Plaintiff claims injuries from exposure to toxic chemicals while working in the State of New York.  His medical treatment was in the State of New York.  Plaintiff is a resident of the State of New York.  There is a reasonable chance that, if Plaintiff were to refile in another state, Defendants would want to file motions regarding venue, convenience of the forum, or choice of law to have New York law apply, possibly including New York's statute of limitations.  Accordingly, the Court finds that this factor weighs against dismissal.

**5.     The Adequacy Of Plaintiff's Explanation For The Need To Dismiss**

Plaintiff's sole reason for the requested dismissal is because of his claimed uncertainty regarding "accrual of causes of action concerning latent diseases and the New York discovery rule" and "the continued viability of Plaintiff's claims as filed in New York." Pl.'s Mem. of Law at 8.  Of course, Plaintiff should have had this same concern when he first instituted this lawsuit.  Plaintiff then contends that "there are other proper venues in which Plaintiff can file his claims with longer statutes of limitations and more predictable accrual and discovery rules."  Id  As noted, however, Plaintiff fails to identify another proper venue or how some other venue's laws are likely to provide more certainty to his claims.  If Plaintiff conceded that his claims are barred by the statute of limitations, then the Court would be more inclined to find that there is an adequate explanation for dismissal.  However, Plaintiff contends that "fact issues exist which preclude summary judgment" id. at 7, and opposes Defendants' motion for summary judgment.  The Court, therefore, finds that Plaintiff has failed to offer an adequate explanation for the need to dismiss.

**6.     Prejudice to Defendants**

In addition to the above factors, the Court finds that Defendants would be prejudiced by a voluntary dismissal at this stage.  There currently is a split whether a court may grant a voluntary dismissal to permit the plaintiff to sue in a forum where the statute of limitations has not run.  Elbaor v. Tripath Imaging, Inc., 279 F.3d 314 (5th Cir. 2002) (loss of statute of limitations defense constitutes legal prejudice); Metropolitan Fed. Bank v. W.R. Grace & Co., 999 F.2d 1257, 1262 (8th Cir. 1993); Phillips v. Illinois Cent. Gulf R.R., 874 F.2d 984 (5th Cir. 1989) (same); McCants v. Ford Motor Co., Inc., 781 F.2d 855, 856-57

(11th Cir. 1986) (valid statute of limitations defense does not preclude voluntary dismissal). This Court agrees that the loss of an affirmative defense constitutes legal prejudice.  See Wojtas v. Capital Guardian Trust Co., 2005 WL 2129096, at *3 (W.D. Wis. 2005) ("There is no clearer legal prejudice than the loss of a complete defense to plaintiff's claims.").  This is particularly true under New York law because cases dismissed as untimely are considered decisions on the merits for purposes of *res judicata.*  Megan S. v. Donald T., 64 N.Y.2d 751, 752 (1984); Smith v. Russell Sage College, 54 N.Y.2d 185, 194 (1981); see also Bray v. New York Life Ins., 851 F.2d 60, 63-64 (2d Cir. 1988); Pharr v. Evergreen Garden, Inc., 123 Fed. Appx. 420, 423 (2d Cir. 2005).  Plaintiff chose to file suit in New York and continued to litigate the claim until such time as Defendants filed a motion for summary judgment based on an affirmative defense.  In light of the preclusive nature of Defendants' affirmative defense and the factors discussed above, allowing Plaintiff to voluntarily dismiss the action at this time constitutes legal prejudice to Defendants.  Elbaor, 279 F.3d 314; Metropolitan Fed. Bank, 999 F.2d at 1262; Phillips, 874 F.2d 984.  Accordingly, Plaintiff's cross-motion to voluntarily dismiss this action is denied.

      **b.**        **Statute of Limitations**

      The Court will now turn to Defendants' motion to dismiss the claim on the ground that it is time-barred.  The statute of limitations is an affirmative defense on which the defendant has the burden of proof.  See  N.Y.C.P.L.R. § 3018(b); Bano v. Union Carbide Corp., 361 F.3d 696, 710 (2004).  The defendant has the burden of demonstrating when the cause of action accrued.  Id.  "Where it does not conclusively appear that a plaintiff had knowledge of facts from which the injury could reasonably be inferred, the complaint should not be dismissed on motion and the question should be left to the trier of fact."  Id. (quoting

Glod v. Morrill Press Division of Engraph, Inc., 168 A.D.2d 954, 956, 564 N.Y.S.2d 905, 908

(4th Dep't 1990).

For toxic torts, the applicable statute of limitations is found at N.Y.C.P.L.R. § 214-c.

That section provides, in relevant part, that:

> the three year period within which an action to recover damages for
> personal injury . . . caused by the latent effects of exposure to any
> substance or combination of substances . . . shall be computed from the
> date of discovery of the injury by the plaintiff or from the date when
> through the exercise of reasonable diligence such injury should have
> been discovered by the plaintiff, whichever is earlier.

N.Y.C.P.L.R. § 214-c(2).  As the Second Circuit has explained:

> For purposes of CPLR § 214-c, a claim for a latent personal injury
> accrues "when the injured party discovers the primary condition on which
> the claim is based."  Matter of New York County DES Litigation, 89
> N.Y.2d 506, 509, 655 N.Y.S.2d 862, 863, 678 N.E.2d 474 (1997).  The
> fact that there may be a delay before "the connection between th[e]
> symptoms and the injured's exposure to a toxic substance is recognized"
> does not delay the start of the limitations period.  Id.  Nor does the
> worsening of a plaintiff's symptoms over time alter or postpone the
> accrual date.  See, e.g., Whitney v. Quaker Chemical Corp., 90 N.Y.2d
> 845, 847, 660 N.Y.S.2d 862, 863, 683 N.E.2d 768 (1997) (mem.).  "All
> that is necessary to start the limitations period [of 214-c(2) ] is that plaintiff
> be aware of the primary condition for which damages are sought."  Id.;
> see, e.g., Tarazi v. Exxon Corp., 269 A.D.2d 385, 386, 703 N.Y.S.2d 205,
> 206 (2d Dep't) (mem.), lv. denied, 95 N.Y.2d 755, 711 N.Y.S.2d 833, 733
> N.E.2d 1102 (2000).

Bano v. Union Carbide Corp., 361 F.3d 696 (alterations in original).  "[C]ourts have held that

a cause of action accrues at the moment a plaintiff begins to experience symptoms that a

reasonable person would link with the underlying illness.  See, e.g., Prego v. City of New

York, 141 Misc.2d 709, 712, 534 N.Y.S.2d 95 (1988).  Thus, once a plaintiff becomes aware

- through whatever means- of the primary condition from which he is suffering, the statute

begins to run."  Styles v. Goord, 367 F. Supp.2d 473, 475 (W.D.N.Y. 2005).  The New York

Court of Appeals has "rejected the contention that the plaintiff must also discover that the injury has a nonbiological cause." Whitney v. Quaker Chemical Corp., 90 N.Y.2d 845, 847, 683 N.E.2d 768 (1997) (citing Matter of New York County DES Litig., 89 N.Y.2d 506, 655 N.Y.S.2d 862, 678 N.E.2d 474). "Discovery of the cause of the symptoms is not relevant. . . ." Scheidel v. A.C. & S., Inc., 258 A.D.2d 751, 753 (3d Dept. 1999).

Here, Plaintiff complains of acute myeloid leukemia caused by exposure to benzene or benzene containing products during the course of his employment. It is undisputed that Plaintiff began noticing symptoms in March 2002. It also is undisputed that Plaintiff's symptoms were such that he presented to the hospital on April 10, 2002 suffering from severe chest pains. Plaintiff thought he was suffering from a heart attack. Upon learning that Plaintiff had a blood deficiency, he was given a blood transfusion. As of April 12, 2002, Plaintiff knew that he had a form of cancer. Although Plaintiff may not have known that he suffered from acute myeloid leukemia, he knew that acute leukemia was a possibility. "Accrual occurs upon manifestation of the symptoms of the condition which is the basis of the claim, and not upon formal conclusive diagnosis of that condition." Levine v. Philip Morris Inc., 5 Misc.3d 1004(A), 798 N.Y.S.2d 710 (Table), 2004 WL 2334287 (Sup. Ct. New York County 2004); see also Martin v. 159 West 80 Street Corp., 3 A.D.3d 439, 440, 770 N.Y.S.2d 720 (1st Dep't 2004) ("The three-year statute of limitations of CPLR 214-c (2) runs from the time a plaintiff discovers an injury, that is, from the time she realizes that she has the physical manifestations of illness. . . ."); Scheidel, 258 A.D.2d at 753 (statute of limitations began to run upon manifestation of symptoms, even though the plaintiff may not have had a formal diagnosis of asbestosis until much later); Krogmann v. Glens Falls City School Dist., 231 A.D.2d 76, 78, 661 N.Y.S.2d 82 (3d Dep't 1997) ("To hold otherwise--essentially tolling

the limitations period until plaintiff's physician eventually diagnosed her condition--would allow the date on which a claim accrues to 'depend on such fortuitous circumstances as . . . the diagnostic acuity of [the injured party's] chosen physician', a result explicitly rejected in Wetherill v Eli Lilly & Co., [89 N.Y.2d 506 (1997)]."). In fact, Plaintiff was specifically advised to transfer to a hospital in Syracuse because it was better able to treat the type of cancer they thought he had - acute leukemia. On April 12, 2002, Plaintiff signed the Emergency Authorization for Transfer form that indicated that the reason for the transfer was "anemia, thrombocytopenia, peripheral blasts and evaluation and management of possible acute leukemia." Having been informed of the possibility of death if Plaintiff did not transfer to Syracuse in an ambulance and having made the decision to travel with his wife instead, Plaintiff also was aware of the seriousness of his condition. It is, thus, clear that Plaintiff was aware, or reasonably should have been aware, of the primary condition for which damages are sought on or before April 12, 2002. Because the instant action was not commenced until April 13, 2005, more than three years after the claim accrued on April 12, 2002, Plaintiff's claims are time-barred.

## III.    CONCLUSION

For the foregoing reasons, Plaintiff's cross-motion to voluntarily dismiss this action is DENIED and Defendants' motions for summary judgment are GRANTED. The Clerk of the Court shall close the file in this matter.

IT IS SO ORDERED.

Dated: May 18, 2006

Thomas J. McAvoy
Senior, U.S. District Judge